## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND, LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, THE CHICAGO LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND, CATHERINE WENSKUS, not individually but as Administrator of the Funds, | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Judge |
| v. | ) ) | Case No.: 20 C 745 |
| MURPY PAVING AND SEALCOATING, INC., an Illinois corporation, MURPHY CONSTRUCTION SERVICES, LLC, an Illinois limited liability corporation, HILLGROVE MAINTENANCE, LLC, an Illinois limited liability corporation, SAFETY SERVICES & ASSESSMENTS, LLC, an Illinois limited liability corporation, ROOSTER FREIGHT, LLC, an Illinois limited liability corporation, and MICHAEL G. MURPHY, individually, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs, Laborers' Pension Fund, Laborers' Welfare Fund of the Health and Welfare

Department of the Construction and General Laborers' District Council of Chicago and Vicinity,

the Chicago Laborers' District Council Retiree Health and Welfare Fund and Catherine

Wenskus, not individually but as Assistant Administrator of the Funds, (collectively the

"Funds"), by their attorneys Patrick T. Wallace, Amy N. Carollo, G. Ryan Liska, Katherine C.V.

Mosenson, and Sara S. Schumann, and for their Complaint against Defendants Murphy Paving

and Sealcoating, Inc., Murphy Construction Services, LLC, Hillgrove Maintenance, LLC, Safety

Services and Assessments, LLC, Rooster Freight, LLC, and Michael G. Murphy, state:

## THE PARTIES

1.      Plaintiff Catherine Wenskus ("Wenskus") is the Assistant Administrator of the

Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the

collection of employer contributions owed to the Funds and to the Construction and General

Laborers' District Council of Chicago and Vicinity Training Fund, and with respect to the

collection by the Funds of amounts which have been or are required to be withheld from the

wages of employees in payment of Union dues for transmittal to the Construction and General

Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters,

Wenskus is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29

U.S.C. §1002(21)(A).

2.      The Funds are multiemployer benefit plans within the meanings of Sections 3(3)

and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained

pursuant to their respective Agreements and Declarations of Trust in accordance with Section

302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business

within this District.

3.      Defendant Murphy Paving and Sealcoating, Inc. (hereinafter "Murphy Paving") is

an Illinois corporation and at all times relevant did business within this District and is an

employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a)

of the LMRA, 29 U.S.C. §185(c). Murphy Paving performs paving, sealcoating and concrete

2

work, operates from its principal place of business at 16W050 Jeans Road, Lemont, Illinois 60439, and Defendant Michael G. Murphy is the sole manager of Murphy Paving. Michael G. Murphy identifies his mailing address in his capacity as Manager of Murphy Paving as 16W273 83rd St., Suite D, Burr Ridge, Illinois 60527.

4.     The Union is a labor organization within the meaning of 29 U.S.C. §185(a). At all times relevant herein, the Union and the Murphy Paving have been parties to successive collective bargaining agreements, the most recent of which became effective June 1, 2017 (A true and accurate copy of the Independent Construction Industry Collective Bargaining Agreement signed by the Company which adopts and incorporates the various area-wide collective bargaining agreements and the Funds' respective Agreements and Declarations of Trust is attached hereto as Exhibit A).

5.     The Funds have been duly authorized to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees. Further, the Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Mid-American Regional Bargaining Association Industry Advancement Fund ("MARBA"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors Association ("CCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative

3

("LDCLMCC"), the Will Grundy Industry Trust Advancement Fund ("WGITA"), the Illinois Environmental Contractors Association Industry Education Fund ("IECA Fund"), the Illinois Small Pavers Association Fund ("ISPA"), and the Chicago Area Independent Construction Association ("CAICA") to act as an agent in the collection of contributions due to those Funds.

6.       Defendant Murphy Construction Services, LLC ("Murphy Construction") is an Illinois limited liability corporation which has as its sole Manager Defendant Michael G. Murphy and identifies with the Illinois Secretary of State its principal office as 16W273 83rd St., Suite D, Burr Ridge, Illinois 60527.

7.       Defendant Hillgrove Maintenance, LLC ("Hillgrove") is an Illinois limited liability corporation which has as its sole Manager Jason Guerin and identifies with the Illinois Secretary of State its principal office as 16W225 Jeans Road, Lemont, Illinois 60439. Jason Guerin is and was at all times relevant herein a full-time employee of Defendant Murphy Paving.

8.       Defendant Safety Services & Assessments, LLC ("SSA") in an Illinois limited liability corporation which identifies with the Illinois Secretary of State as one of its three Managers Colleen Murphy, wife of Defendant Michael G. Murphy, and identifies with the Illinois Secretary of State its principal office as 810 Hillgrove Ave., #5, Western Springs, Illinois 60558. Jason Guerin, Manager of Defendant Hillgrove, is the President of SSA.

9.       Defendant Rooster Freight, LLC ("Rooster") is an Illinois limited liability corporation which has as its sole Manager Defendant Michael G. Murphy and identifies with the Illinois Secretary of State its principal office as 16W273 83rd St., Suite D, Burr Ridge, Illinois 60527.

4

10.     Defendant Michael G. Murphy is the owner and sole manager of Defendants Murphy Paving, Murphy Construction and Rooster and, upon information and belief, is the managing employee of Defendants Hillgrove and SSA.

## COUNT I

### (Failure to Submit To An Audit)

For a cause of action against Defendant Murphy Paving and Sealcoating, Inc.:

11.     Plaintiffs reallege and incorporate herein Paragraphs 1 through 10.

12.     Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, and 29 U.S.C. §185(a), 28 U.S.C. §1331.

13.     Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

14.     The Agreement and the Funds' respective Agreements and Declarations of Trust obligate Murphy Paving to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, and/or benefits for the training fund and to submit monthly remittance reports in which Murphy Paving, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee.  Murphy Paving is obligated to pay between 10% liquidated damages on late-paid contributions, 20% liquidated damages on late-paid, Pension, Welfare, Retiree Welfare and Training Fund contributions, plus interest at a rate of 12% from the date the contributions were due until the contributions are paid.

15.     The Agreement and the Funds' respective Agreements and Declarations of Trust requires the Murphy Paving to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

16.     Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, Murphy Paving has:

(a)     failed to submit their books and records to an audit for the period of January 1, 2018 forward, thereby depriving the Funds of information and income necessary to administer the Fund.

17.     Murphy Paving's action in failing to submit to the requested audit violates Section 515 of ERISA, 29 U.S.C. §1145.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor and against Defendant Murphy Paving and Sealcoating, Inc. as follows:

a.     Ordering Murphy Paving to submit its books and records to an audit for the period of January 1, 2018 forward;

b.     Entering judgment in favor of Plaintiffs and against Murphy Paving for all unpaid contributions, interest, liquidated damages, and audit costs due and owing pursuant to the audit along with Plaintiffs' reasonable attorneys' fees and costs; and

c.     awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure To Submit To an Audit)

For a cause of action against Defendant Murphy Paving and Sealcoating, Inc.:

18.     Plaintiffs reallege and incorporate herein paragraphs 1 through 17.

19.     Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees.

20.     Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, Murphy Paving has:

(a)     failed to submit their books and records to an audit for the period of January 1, 2018 forward, thereby depriving the Union of information and income necessary to administer Union dues.

21.     Murphy Paving's failure to submit its books and records to the requested audit violates the terms of the Agreement.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor and against Defendant Murphy Paving and Sealcoating, Inc. as follows:

a.      ordering Murphy Paving to submit its books and records to an audit for the period of January 1, 2018 forward;

b.      entering judgment in favor of the Funds and against Defendant in the amount of due on the audit for the period of January 1, 2018 forward including union dues owed, liquidated damages, audit costs, and Plaintiffs' reasonable attorneys' fees and costs; and

c.      awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT III

### (Alter Ego Liability – Benefit Contributions)

For a cause of action against Defendants Murphy Paving and Sealcoating, Inc., Hillgrove Maintenance, LLC, Safety Services and Assessments, LLC, Rooster Freight, LLC, and Murphy Construction Services, LLC:

22. Plaintiffs reallege and incorporate herein paragraphs 1 through 21.

23. On November 2, 2015, audits were issued by an independent, third-party auditing firm engaged by the Funds and the Union alleging that Defendant Murphy Paving had substantially and systematically underpaid wages and benefit contributions in violation of the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust for the period of January 1, 2013 through September 30, 2015.

24. On or about November 11, 2015, the Union and Laborers' Local Union No. 68 filed grievances against Murphy Paving alleging the failure to properly pay wages and benefits for the period of January 1, 2013 through September 30, 2015 (the "Grievances").

25. The Funds filed suit against Murphy Paving on August 11, 2016 to collect amounts alleged owed on the audit for the period of January 1, 2013 through September 30, 2015. The case, Case No. 16 C 8043 (the "First District Court Case"), was filed in the Northern District of Illinois Eastern Division and remains pending before Chief Judge Pallmeyer.

26. On October 27, 2016, the Union obtained a Joint Grievance Committee ("JGC") Award against Murphy Paving for the amounts of wages and benefits alleged owed on the audit for the period of January 1, 2013 through September 30, 2015 (the "First Grievance Award").

27.     Defendant Michael Murphy caused to be incorporated Defendant Rooster Freight on March 16, 2016, after the audits for the period of January 1, 2013 through September 30, 2015 had issued, the Grievances had been filed and demand for payment had been made on Murphy Paving.

28.     On or about August 3 and 4, 2016, right before the Funds filed suit and the final hearing on the Grievances were conducted, Defendant Murphy Paving transferred a substantial amount of its vehicles to Defendant Rooster Freight.

29.     After the vehicles were transferred from Defendant Murphy Paving to Defendant Rooster Freight, Defendant Murphy Paving continued using the equipment to perform work up and through the 2018 construction season.

30.     Defendant Rooster Freight was created to avoid the existing union liability of Defendant Murphy Paving.

31.     In the First District Court Case, the Union and the Funds allege in part that Murphy had failed to properly code work covered under the terms of the Collective Bargaining Agreement, report benefit contributions on behalf of employees performing covered work including sewer adjustments and repairs which require employees to cut out existing sewers.

32.     On April 14, 2018, Defendant SSA was created to avoid the existing union obligations of Defendant Murphy Paving including performing sewer adjustments, replacements and repairs.  Defendant SSA employed individuals who worked for Murphy Paving, used the same equipment as Murphy Paving and were under the direction and control of the same individuals who had managed and directed their employment with Murphy Paving.

33.     On or about April 27, 2018, the Union filed a grievance (the "Second Grievance") against Defendant Murphy Paving alleging that the Company had violated the terms of a Side Letter to its Collective Bargaining Agreement with the Union.  The Second Grievance sought a determination that Defendant Murphy Paving could no longer avail itself of the terms of the Side Letter which permitted certain types of work to be excluded from the wage and benefit provisions of the Collective Bargaining Agreement.

34.     On June 29, 2018, following a hearing at the offices of the District Council, the JGC, by majority vote, entered an award upholding the 2018 Grievance in its entirety and prohibited the Company from using the terms of the Side Letter going forward (the "Second Grievance Award").

35.     Defendants Hillgrove and Murphy Construction were incorporated with the Illinois Secretary of State on July 18, 2018

36.     Certain vehicles transferred from Defendant Murphy Paving to Defendant Rooster Freight were re-marked as vehicles of Defendant Hillgrove Maintenance including, but not limited to, 1998 International Series 4900, Model 4000, Illinois License Plate No. 42586R, 1998 International Series 4900, Model 4000, License Plate No. 42587R, 2004 International Series 4400, Model 4000, Illinois License Plate No. 28984R, and Commercial Trailer Illinois License Plate No. 76256TG.

37.     Defendant Hillgrove performs the exact same type of work performed by Defendant Murphy Paving including paving and street maintenance work, parking lot paving and repairs, sewer adjustments, replacements and repairs, and concrete work.

38.     Defendant Hillgrove employed individuals who worked for Murphy Paving, used the same equipment as Murphy Paving and were under the direction and control of the same individuals who had managed and directed their employment with Murphy Paving.

39.     Employees of Murphy Paving including, but not limited to, Jose Galvin and Salvador Pardo, were advised by Murphy Paving supervisor Victor Martinez that they would no longer work for Murphy Paving but would work for Hillgrove because of the litigation brought by the Funds and the Union.

40.     Defendant Hillgrove was created to avoid the existing union obligations of Defendant Murphy Paving.

41.     Defendant Murphy Construction has contracted to perform work on prevailing wage projects holding themselves out as Murphy Paving and signatory with the Union on prevailing wage projects that were subcontracted from McDonagh Demolition, Inc.  On those projects, Murphy Construction issued payroll to employees performing the work through Defendant Hillgrove, failed to pay prevailing wage, and failed to submit benefit contributions and dues for the work performed to the Funds and Union.

42.     Defendants Murphy Paving, Rooster Freight, SSA, Hillgrove, and Murphy Construction use the same resources including equipment, management, employees, billing and invoice services, and employee calendaring systems to conduct operations

43.     Defendants Rooster Freight, SSA, Hillgrove, and Murphy Construction are alter egos of Defendant Murphy Paving created in relevant part to avoid the existing Union obligations of Murphy Paving.  As such, Defendants Rooster Freight, SSA, Hillgrove, and Murphy

Construction are bound to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust.

44.     Plaintiffs' demanded that Defendant Murphy Paving's related entities submit to an audit. Defendants Murphy Paving, Rooster Freight, SSA, Hillgrove, and Murphy Construction actions in failing to submit to the requested audit violates Section 515 of ERISA, 29 U.S.C. §1145.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendants Murphy Paving and Sealcoating, Inc., Hillgrove Maintenance, LLC, Safety Services and Assessments, LLC, Rooster Freight, LLC, and Murphy Construction Services, LLC:

      a.  ordering Murphy Paving, Hillgrove, SSA, Rooster Freight, and Murphy Construction to submit to an audit for the period of January 1, 2018 forward;

      b.  entering judgment in favor of the Funds and against Murphy Paving, Hillgrove, SSA, Rooster Freight, and Murphy Construction for any unpaid contributions, interest, liquidated damages, audit costs and Plaintiffs' reasonable attorneys' fees and costs;

      c.  awarding Plaintiffs any additional legal and equitable relief as the Court deems appropriate.

## COUNT IV

### (Alter Ego Liability - Dues)

For a cause of action against Defendants Murphy Paving and Sealcoating, Inc., Hillgrove Maintenance, LLC, Safety Services and Assessments, LLC, Rooster Freight, LLC, and Murphy Construction Services, LLC:

45.     Plaintiffs reallege and incorporate herein paragraphs 1 through 44.

46.     Plaintiffs demanded that Defendant and its related entities submit their books and records to an audit to verify dues compliance.

47.     Defendants Murphy Paving, Rooster Freight, SSA, Hillgrove, and Murphy Construction's actions failure to submit its books and records to the requested audit violates the terms of the Agreement.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor and against Defendants Murphy Paving and Sealcoating, Inc., Hillgrove Maintenance, LLC, Safety Services and Assessments, LLC, Rooster Freight, LLC, and Murphy Construction Services, LLC as follows:

a.      ordering Murphy Paving, Hillgrove, SSA, Rooster Freight, and Murphy Construction to submit their books and records to an audit for the period of January 1, 2018 forward;

b.      entering judgment in favor of the Funds and against Murphy Paving, Hillgrove, SSA, Rooster Freight, and Murphy Construction in the amount of due on the audit for the period of January 1, 2018 forward including union dues owed, liquidated damages, audit costs, and Plaintiffs' reasonable attorneys' fees and costs; and

c.      awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT V

### (Single Employer Liability – Benefit Contributions)

For a cause of action against Defendants Murphy Paving and Sealcoating, Inc., Hillgrove Maintenance, LLC, Safety Services and Assessments, LLC, Rooster Freight, LLC, and Murphy Construction Services, LLC:

48.     Plaintiffs reallege and incorporate herein paragraphs 1 through 47.

49.     Defendants Murphy Paving, Hillgrove, SSA, Rooster Freight, and Murphy Construction operate from the same facilities and provide services for the same clients.

50.     Defendants Murphy Paving, Hillgrove, SSA, Rooster Freight, and Murphy Construction utilize the same resources including equipment, management, employees, billing and invoice services, and employee calendaring systems to conduct operations.

51.     Defendants Murphy Paving, Hillgrove, SSA, Rooster Freight, and Murphy Construction operations are so interrelated that it is impossible to separate the existence or identities of the Companies.

52.     Defendants Murphy Paving, Hillgrove, SSA, Rooster Freight, and Murphy Construction are single employers and, as such, are bound to the Agreement and the Funds' respective Agreements and Declarations of Trust and jointly and severally liable for the obligations of each entity.

53.     Plaintiffs' demanded that Defendant Murphy Paving's related entities submit to an audit. Defendants Murphy Paving, Rooster Freight, SSA, Hillgrove, and Murphy Construction's actions in failing to submit to the requested audit violates Section 515 of ERISA, 29 U.S.C. §1145.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendants Murphy Paving and Sealcoating, Inc., Hillgrove Maintenance,

14

LLC, Safety Services and Assessments, LLC, Rooster Freight, LLC, and Murphy Construction Services, LLC:

    a.    ordering Murphy Paving, Hillgrove, SSA, Rooster Freight, and Murphy Construction to submit to an audit for the period of January 1, 2018 forward;

    b.    entering judgment in favor of the Funds and against Murphy Paving, Hillgrove, SSA, Rooster Freight, and Murphy Construction for any unpaid contributions, interest, liquidated damages, audit costs and Plaintiffs' reasonable attorneys' fees and costs;

    c.    awarding Plaintiffs any additional legal and equitable relief as the Court deems appropriate.

## COUNT VI

### (Single Employer Liability – Benefit Contributions)

For a cause of action against Defendants Murphy Paving and Sealcoating, Inc., Hillgrove Maintenance, LLC, Safety Services and Assessments, LLC, Rooster Freight, LLC, and Murphy Construction Services, LLC:

54.    Plaintiffs reallege and incorporate herein paragraphs 1 through 53.

55.    Plaintiffs demanded that Defendant and its related entities submit their books and records to an audit to verify dues compliance.

56.    Defendants Murphy Paving, Rooster Freight, SSA, Hillgrove, and Murphy Construction actions failure to submit its books and records to the requested audit violates the terms of the Agreement.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendants Murphy Paving and Sealcoating, Inc., Hillgrove Maintenance,

LLC, Safety Services and Assessments, LLC, Rooster Freight, LLC, and Murphy Construction Services, LLC:

     a.   ordering Murphy Paving, Hillgrove, SSA, Rooster Freight, and Murphy Construction to submit to an audit for the period of January 1, 2018 forward;

     b.   entering judgment in favor of the Funds and against Murphy Paving, Hillgrove, SSA, Rooster Freight, and Murphy Construction for any unpaid dues, liquidated damages, audit costs and Plaintiffs' reasonable attorneys' fees and costs;

     c.   awarding Plaintiffs any additional legal and equitable relief as the Court deems appropriate.

## COUNT VII

### (Piercing the Corporate Veil)

For a cause of action against Defendants Michael G. Murphy:

57.     Plaintiffs reallege and incorporate herein paragraphs 1 through 56.

58.     This Court has supplemental jurisdiction over this Count pursuant to 28 U.S.C. § 1367.

59.     Venue is proper pursuant to 28 U.S.C. § 1391(b).

60.     Defendant Michael Murphy disregarded the corporate forms of Murphy Paving, Murphy Construction, Rooster Freight and, upon information and belief, Hillgrove and SSA. Michael Murphy created obligations from the operation of Murphy Paving exceeding that Company's assets including the obligations identified herein in the First District Court Case. Michael Murphy then transferred assets from Murphy Paving to Rooster creating further insolvency for Murphy Paving and, upon information and belief, without adequate consideration.

61.     Michael Murphy has commingled the assets of Murphy Paving by transferring vehicles and equipment to Rooster Freight and then using those assets to conduct business through Defendants Murphy Construction, Hillgrove and SSA.

62.     Michael Murphy has commingled the employees of Murphy Paving, Murphy Construction, Hillgrove, and SSA by directing those employees to perform work on various projects and paying those employees for work performed for certain of those enumerated corporate Defendants through payroll of the other related and identified corporate Defendants.

63.     While Murphy Paving became undercapitalized and unable to meet its contractual obligations including the payment of benefit contributions and dues to the Funds and the Union, Michael Murphy disregarded the corporate form paying himself wages, operating the various corporate Defendants for his financial benefit, and running the corporate Defendants without ability or intent to pay the Companies' other legitimate creditors including the Funds and the Union.

64.     Defendant Michael Murphy was personally enriched from disregarding the corporate identities of Murphy Paving, Murphy Construction, Rooster Freight, Hillgrove, and SSA.

65.     The Funds and Union have suffered as a result of Michael Murphy disregarding the corporate forms of Murphy Paving, Murphy Construction, Rooster Freight, Hillgrove, and SSA in that there are insufficient assets to satisfy the amounts owed to the Funds and Union and the Funds will be required to credit Pension hours without recovery resulting in a detrimental impact on funding.

66.     Permitting Michael Murphy to disregard the corporate forms of Murphy Paving, Murphy Construction, Rooster Freight, Hillgrove, and SSA while obtaining personal enrichment from the continued operations of the Companies is such that  adherence to the corporate identities of the corporate Defendants would sanction a fraud or promote injustice.

WHEREFORE, Plaintiffs respectfully request that this Court pierce the corporate veils of Defendants Murphy Paving and Sealcoating, Inc., Hillgrove Maintenance, LLC, Safety Services and Assessments, LLC, Rooster Freight, LLC, and Murphy Construction Services, LLC and enter judgment in favor of the Funds and against Defendant Michael G. Murphy for all amounts due under Counts I through VI of Plaintiffs' Complaint. Plaintiffs further request that the Court award any additional legal and equitable relief as this Court deems appropriate.

## COUNT VIII

### (Fraud)

For a cause of action against Defendants Michael G. Murphy:

67.     Plaintiffs reallege and incorporate herein paragraphs 1 through 66.

68.     This Court has supplemental jurisdiction over this Count pursuant to 28 U.S.C. § 1367.

69.     Venue is proper pursuant to 28 U.S.C. § 1391(b).

70.     Defendant Michael Murphy has submitted or caused to be submitted intentionally inaccurate benefit contribution and dues reports forms on behalf of Murphy Paving by not identifying or reporting and paying benefit contributions on behalf of individuals performing work defined as covered under the terms of the Agreement and the Funds' respective Agreements

18

and Declarations of Trust paid through or under corporate Defendants Murphy Construction, Hillgrove and SSA.

71.     Signatory contractors are required to submit monthly benefit contribution reports on the tenth day of the month following the month in which covered work was performed identifying the numbers of hours worked by individuals who perform covered work under the terms of the Agreements. Those benefit report forms provide in relevant part:

**EMPLOYER'S WARRANTY AND ACCEPTANCE:** The undersigned employer hereby warrants that this report accurately states all hours worked by all laborers in its employ. In addition, the employer hereby agrees to be bound to the terms of the current collective bargaining agreement executed between the Construction and General Laborers' District Council of Chicago and Vicinity and the relevant Multi Employer Associations. Further, the undersigned hereby expressly accepts and agrees to be bound by the trust agreements governing the Laborers' Pension and Welfare, et al. and accepts all of the terms thereof with the intention of providing benefits to its laborers.

72.     Signatory contractors are also required to submit corresponding monthly dues report forms which contain a warranty clause which provides:

**EMPLOYER'S WARRANTY AND ACCEPTANCE:** By the submission of this report, Employer expressly warrants and affirms that this report accurately states all hours worked by the Employer's laborer employees. By signing this report, the Employer hereby accepts, adopts and agrees to be bound by the terms and conditions of the Independent Construction Industry Collective Bargaining Agreement with the Construction and General Laborers' District council of Chicago and Vicinity (the "Union") and any extension, renewal, modification or amendment of that Agreement.

73.     Defendant Michael Murphy was in charge of, and directed and controlled the submission of benefit and dues reports submitted by Murphy Paving to the Funds and the District Council for the period January 1, 2018 forward.

74.     Defendant Michael Murphy caused to be submitted intentionally inaccurate benefit and corresponding dues reports systematically under-reporting contributions and dues owed by the Companies to the Funds and the District Council. Specifically, the reports submitted by Murphy

Paving at the direction of Defendant Michael Murphy failed to identify all employees who performed covered work for the Companies and/or failed to accurately report all hours of work performed by covered employees.

75.     The Funds and the District Council relied to their detriment on the false reports submitted by Defendants.   Specifically, if the District Council had been aware that the Defendants had failed to pay and report the proper wages, dues and benefit contributions for work performed, the District Council would have taken all lawful steps permitted under the Agreements including, but not limited to, taking job actions against the Companies and filing the appropriate lawsuit. If the Funds had been aware that the Defendants had failed to pay and report the proper wages, dues and benefit contributions, the Funds would have been precluded from crediting hours for the incomplete reports submitted by the Defendants and would have commenced the appropriate lawsuit at an earlier date. Thus, by submitting false reports, Defendants Michael Murphy enabled the Companies to continue to operate resulting in a financial benefit to both the individual Defendants and the Companies and increasing the liabilities owed by the Defendants to the Funds and the District Council.

76.     The Funds, the District Council and the plan participants have suffered harm as a direct result of the false benefit and dues reports submitted by the Defendants.   Specifically, the Funds and the District Council have incurred unpaid benefit contributions, dues, interest, liquidated damages and audit costs.  The Funds have also provided benefit coverage to individuals based on the submission of the incomplete and false reports.  Said coverage would not have been provided had the Funds been aware that the reports were false and incomplete.  In the event that the Funds are unable to obtain full recovery of all amounts due from the Defendants, the Funds may become under-funded.

77.     As a result of Defendant Michael Murphy intentionally causing and directing the Companies to submit inaccurate benefit and dues reports on behalf of the Companies, Defendant Michael Murphy is liable for all amounts due to the Funds and the District Council as sought in Counts I through VI of this Complaint including all unpaid contributions, dues, interest, liquidated damages, audit costs, attorneys' fees and costs, and any other legal and equitable relief the Court deems just and appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant Michael G. Murphy Defendant for the amounts of unpaid contributions, dues, interest, liquidated damages, audit costs, and attorneys' fees and costs owed by Defendants Murphy Paving and Sealcoating, Inc., Hillgrove Maintenance, LLC, Safety Services and Assessments, LLC, Rooster Freight, LLC, and Murphy Construction Services, LLC as set forth in Counts I through VI, the costs of any additional damages sustained by the Funds and District Council as a result of the fraudulent misrepresentations including reimbursement of medical and/or pension claims paid out to individuals who obtained eligibility from the false and incomplete reports, plus interest, and any other legal and equitable relief as the Court deems just and appropriate.

January 31, 2020                                        Laborers' Pension Fund, et al.

                                                        By:  /s/ Patrick T. Wallace

Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL  60604
(312) 692-1540

21



# CONSTRUCTION & GENERAL LABORERS'
## DISTRICT COUNCIL OF CHICAGO AND VICINITY
### AFFILIATED WITH THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA
599 McCLINTOCK DRIVE • SUITE 300 • BURR RIDGE, IL 60527 • PHONE: 630/655-8289 • FAX: 630/655-8853

## INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between Murphy Paving and Sealcoating, Inc. ("Employer") and the Construction and General Laborers' District Council of Chicago and Vicinity, Laborers' International Union of North America ("Union"), representing and encompassing its affiliated Local Unions, including Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1035, 1092, together with any other Local Unions that may come within its jurisdiction ("Local Unions"), and encompassing the geographic areas of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone counties, Illinois, that:

1. **Recognition.** The Employer recognizes the Union as the sole and exclusive collective bargaining representative for the employees now and hereinafter employed in the Laborer bargaining unit with respect to wages, hours and other terms and conditions of employment. If majority recognition previously was granted under Section 9(a) of the Act, it shall remain in effect. Otherwise, recognition under Section 9(a) of the Act shall automatically be granted to the Union without the need for a Board certified election upon the Union's demonstration that a majority of the employees have designated the Union as their exclusive bargaining representative. The Employer has not assigned its rights for purposes of collective bargaining with the Union to any person, entity or association, and hereby revokes its prior assignment of bargaining rights, if any. The Employer further voluntarily elects not to assign such bargaining rights to any person, entity or association during the term of this Agreement or any extension hereof, without written approval from the Union. The Employer shall abide by this Agreement, and all extensions hereof, provided that it employs at least one Laborer during the term of this Agreement or the term of any extension hereof.

2. **Labor Contract.** The Employer affirms and adopts the applicable Collective Bargaining Agreement(s), as designated by the Union, between the Union and the Builders Association, the Chicago Area Independent Construction Association, the Chicago Area Rail Contractors Association, the Chicago Area Scaffolding Association, the Chicago Demolition Contractors' Association, the Concrete Contractors Association of Greater Chicago, the Contractors Association of Will and Grundy Counties, the Fox Valley Associated General Contractors, the Gypsum Drywall Contractors of Northern Illinois/Chicagoland Association of Wall and Ceiling Contractors, the Illinois Environmental Contractors Association, the Illinois Road and Transportation Builders Association, the Illinois Small Pavers Association, the Lake County Contractors Association, the Mason Contractors Association of Greater Chicago, the Underground Contractors Association, and all other employer associations with whom the Union or its affiliated Local Unions have an agreement. If the applicable Collective Bargaining Agreement(s) expire during the term of this Agreement, any limitation on the right to strike shall also expire until a successor labor agreement has been established, which shall be incorporated retroactively herein. This Agreement supersedes all contrary terms in the applicable Collective Bargaining Agreement(s).

3. **Total economic increase.** The Employer shall pay its employees a total economic increase of $2.90 per hour effective June 1, 2006; $3.00 per hour effective June 1, 2007; $3.00 per hour effective June 1, 2008 and $3.10 per hour effective June 1, 2009, said amounts to be allocated between wages, fringe benefits and other funds by the Union in its sole discretion. Effective June 1, 2006, the minimum wage rate shall be $31.55 per hour.

4. **Dues Checkoff.** The Employer shall deduct from the wages of employees uniform initiation fees, assessments, membership dues, and working dues in the amount of 2.75% of gross wages or such other amount as directed by the Union, and shall remit monthly to the designated Union office the sums so deducted, together with an accurate list showing the employees from whom dues were deducted, the employees' individual hours, gross wages and deducted dues amounts for the monthly period, not later than the tenth (10th) day of the month following the month for which said deductions were made.

5. **Work Jurisdiction.** This Agreement covers all work within the applicable Collective Bargaining Agreements and all work within the Union's trade and geographic jurisdiction as set forth in the Union's Statement of Jurisdiction, as amended from time to time, which are incorporated by reference into this Agreement. The Employer shall assign all work described therein to its Union-represented Laborer employees and acknowledges the appropriateness of such assignment. Neither the Employer nor the Union shall assign such work as is required under this Agreement shall be stipulated or otherwise subject to adjustment by any jurisdictional disputes board or mechanism except upon written notice by and direction of the Union.

6. **Subcontracting.** The Employer, whether acting as a contractor, general manager or developer, shall not contract or subcontract any covered work to be done at the site of construction, alteration, painting or repair of a building, structure or other work to any person, corporation or entity not signatory to a collective bargaining agreement with the Union. This obligation applies to all tiers of subcontractors performing work at the site of construction. If the Employer contracts or subcontracts any such covered work to any person or proprietor who is not signatory to this Agreement, the Employer shall require such subcontractor to be bound by all the provisions of this Agreement, or the Employer shall maintain daily records of the subcontractors or the subcontractor's Employees jobsite hours and be liable for payments to the Health and Welfare Department of Construction and General Laborers' District Council of Chicago and Vicinity, the Laborers' Pension Fund, and the Construction and General Laborers' District Council of Chicago and Vicinity Joint Apprentice and Training Trust Fund as set forth in the applicable fringe benefit article(s). The Employer shall further assume the obligations of its subcontractors for prompt payment of employees' wages and other benefits required under this Agreement, including reasonable attorneys' fees incurred in enforcing the provisions hereof.

7. **Fringe Benefits.** The Employer agrees to pay the amounts that it is bound to pay under said Collective Bargaining Agreements to the Health and Welfare Department of The Construction and General Laborers' District Council of Chicago and Vicinity, the Laborers' Pension Fund (including Laborers' Excess Benefit Fund), the Fox Valley Benefit Funds, the Construction and General Laborers' District Council of Chicago and Vicinity Apprentice and Training Trust Fund, the Chicago Area Laborers-Employers Cooperation Education Trust, the LDC/LMCC, and to all other designated Union-affiliated benefit and labor-management funds (the "Funds"), and to become bound by and be considered a party to the agreements and declarations of trust creating the Funds as if it had signed the original copies of the trust instruments and amendments therein. The Employer ratifies and confirms the appointment of the employer trustees who shall, together with their successor trustees, carry out the terms and conditions of the trust instruments. The Employer further affirms that all prior contributions paid to the Welfare, Pension, Training and other Funds were made by duly authorized agents of the Employer at all proper rates, and evidence the Employer's intent to be bound by the trust agreements and Collective Bargaining Agreements in effect when the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the Employer to the applicable collective bargaining agreements.

8. **Contract Enforcement.** At all grievances filed by either party arising hereunder shall, at the Union's discretion, be submitted to the Chicago District Council Grievance Committee for final and binding disposition in lieu of another grievance committee, provided that deadlocked grievances shall be submitted to final and binding arbitration upon timely demand. Should the Employer fail to comply within ten (10) days with any binding grievance award, whether by grievance committee or arbitration, it shall be liable for all costs and legal fees incurred by the Union to enforce the award. Notwithstanding anything to the contrary, nothing herein shall limit the Union's right to strike or withdraw its members because of non-payment of wages and/or fringe benefit contributions, failure by the Employer to timely remit dues to the Union, or non-compliance with a binding grievance award. The Employer's violation of any provision of this paragraph will give the Union the right to take any other legal and economic action, including but not limited to all remedies at law or equity. It is expressly understood and agreed that the Union's right to take economic action is in addition to, and not in lieu of, its rights under the grievance procedures. Where necessary to correct contract violations, or where no acceptable steward is currently employed, the Union may appoint and place a steward from outside the workforce at all job sites.

9. **Successors.** In the event of any change in the ownership, management or operation of the Employer's business or substantially all of its assets, by sale or otherwise, it is agreed that as a condition of such sale or transfer that the new owner or manager, whether corporate or individual, shall be fully bound by the terms and conditions of this Agreement. The Employer shall provide no less than ten (10) days' prior written notice to the Union of the sale or transfer and shall be obligated for all expenses incurred by the Union to enforce the terms of this paragraph.

10. **Termination.** This Agreement shall remain in full force and effect from June 1, 2006 (unless dated differently below) through May 31, 2010, and shall continue thereafter unless there has been given written notice, by registered mail by either party hereto, received no less than sixty (60) nor more than ninety (90) days prior to the expiration date, of the desire to modify or amend this Agreement through negotiations. In the absence of such notice the Employer and the Union agree to be bound by the new applicable association agreement(s), incorporating them into this Agreement and extending this Agreement for the life of the newly negotiated agreements, and thereafter for the duration of successive agreements, unless and until timely notice of termination is given not less than sixty (60) nor more than ninety (90) days prior to the expiration of each successive Collective Bargaining Agreement.

11. **Execution.** The signatory below warrants his or her receipt of the applicable Collective Bargaining Agreement(s) and authorization from the Employer to execute this Agreement, without fraud or duress, and with full knowledge of the obligations and undertakings contained herein. The parties acknowledge and accept the facsimile signatures on this Agreement as if they were the original signatures.

Dated: 8/10 , 20 09.

ACCEPTED:
Laborers' Local Union No. 118

By: Leonel Esposer

CONSTRUCTION AND GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY

By: James P. Connolly, Business Manager

By: Richard Shipman, Secretary-Treasurer

For Office Use Only:

Murphy Paving and Sealcoating, Inc.
(Employer)

FEIN No.:

By: Michael S. Murphy, President
(Print Name and Title)

(Signature)

PO Box 519
(Address)

Hinsdale, IL 60527
(City, State and Zip Code)

630 654-8242 / 630 654-0730
(Telephone/Telefax)

RECEIVED SEP 2009

Effective August 16, 2007    WHITE - LOCAL UNION  •  CANARY - TRUST FUND  •  PINK - DISTRICT COUNCIL  •  GOLD - EMPLOYER



EXHIBIT A